THE STATE, EX REL. SMITH, JR., *v.* THE INDUSTRIAL
COMMISSION OF OHIO.

(No. 6345—Decided March 25, 1960.)

*Mr. Nelson Hovey,* for relator.

*Mr. Mark McElroy,* attorney general, and *Mr. William G.
Carpenter,* for respondent.

DUFFY, J. This is an action in mandamus instituted in this
court by a claimant who has had his claim allowed by the Indus-
trial Commission of Ohio, and who has received compensation
for a period of temporary-total disability, and has been award-
ed compensation for a 15 per cent permanent-partial disability
by the Industrial Commission.

His action raises the question as to the manner in which the Industrial Commission shall make payments of the award of compensation for permanent-partial disability. The law (Section 4123.57 of the Revised Code [126 Ohio Laws, 1015, 1028]) at the time of his injury (September 14, 1957) provided that the award "shall be paid prospectively in weekly installments * * * the first payment being for the week following allowance of the award," and the law at the time the award for permanent-partial compensation was made (December 9, 1959) provided that compensation "shall accrue and be payable to the employee from the date of last payment of compensation, or, in cases where no previous compensation has been paid, from the date of the injury or the date of the diagnosis of the occupation[al] disease." This last provision became effective November 2, 1959 (128 Ohio Laws, 743, 757).

On the same date Section 4123.571 of the Revised Code became effective, and it provides as follows:

"In connection with the procedural and remedial rights of employees, all claims which have accrued prior to the effective date of this act, whether or not an application for claim has been filed, or whether or not jurisdiction has been established or whether or not an application for an award under divisions (A), (B), (C), or (D) of Section 4123.57 of the Revised Code has been filed shall be governed by the provisions of [Section] 4123.57 of the Revised Code, as amended by this act."

The relator in his amended petition states that the Industrial Commission of Ohio refuses to comply with the provisions of Section 4123.571 of the Revised Code, and has ordered the payment of his compensation to be made prospectively rather than under the accrual provisions of Section 4123.57 as amended November 2, 1959; and relator asks that this court order the Industrial Commission to comply with the provisions of amended Section 4123.57, and make payments under the accrual provisions of that section even though his injury was received prior to the amendment to the law.

The Industrial Commission in its answer to the amended petition denies that the petition states a cause of action in mandamus, and states that if the relator's prayer is granted it would disturb accrued substantive rights in that a new right

would be granted the relator and a new obligation imposed upon the respondent, Industrial Commission. It would, therefore, be contrary to law and to the facts of this case.

It is clear that Section 4123.571 was enacted by the Legislature so that all awards of compensation for permanent-partial disability would be paid in accordance with Section 4123.57, as amended November 2, 1959, regardless of when the claimant received his injury or suffered his occupational disease. The section appears to enact retroactive legislation, and the parties are in agreement that if the law regarding the payment of the award is procedural rather than substantive the section does not violate the constitutional prohibition against retroactive legislation (Section 28, Article II, Constitution of Ohio). In the case of *Jones* v. *Erie Rd. Co.*, 106 Ohio St., 408, at page 412, the court attempted to draw a distinction between the two when it stated that "The substantive law relates to rights and duties which give rise to a cause of action. Procedure is the machinery for carrying on the suit." For some of the latest discussions dealing with the distinction between substantive and procedural laws as it applies to the field of workmen's compensation, see *State, ex rel. Michaels,* v. *Morse et al., Indus. Comm.*, 165 Ohio St., 599, and cases cited therein; also, see, Opinions of Attorney General (1955), 723, No. 6120, the third paragraph of the syllabus.

In the instant case it has already been determined that the claimant is entitled to an award of compensation equal to 15 per cent, and the amount of the award has been determined to be $1,207.50, and this is not disputed by either party.

The Industrial Commission would have the award begin the week following December 9, 1959, and be payable for 37½ weeks until $1,207.50 would be received; whereas the claimant asks that the award begin as of July 20, 1958, which would make the whole award of $1,207.50 payable in one lump sum at this time. The difference between the parties has arisen because of the manner of payment of this award, and we are of the opinion that only procedure is involved and there is no impairment or taking away of any vested rights, or the creation of any new obligations, or imposition of duties upon any individual; and in the application of the constitutional prohibition

4

in regard to retroactive laws we do not feel that the duties imposed on a state agency are to be considered.

The Industrial Commission, along with the Bureau of Workmen's Compensation, has been created for the expressed purpose of seeing that the fund created by the Industrial Commission is administered properly under the rules and regulations provided by the Legislature, but there is no prohibition against the making of changes in their procedure so long as it does not affect substantive rights of the employer or the employee covered by the Ohio Workmen's Compensation laws.

We believe the amended petition states a cause of action and do find that the Industrial Commission should adopt the procedure provided by Section 4123.57, as amended, and pay compensation on the accrual basis regardless of when the injury was received, so long as the award was made after November 2, 1959.

The writ will be allowed.

*Writ allowed.*

BRYANT, P. J., and McLAUGHLIN, J., concur.

McLAUGHLIN, J., of the Fifth Appellate District, sitting by designation in the Tenth Appellate District.